UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jasmine Lee Lewis,                              Case No.  3:14-cv-064

            Plaintiff

v.                                              MEMORANDUM OPINION
                                                    AND ORDER

Adecco Group, N.A.,

            Defendant.

### BACKGROUND AND HISTORY

*Pro se* Plaintiff Jasmine Lee Lewis filed this action under Title VII against Adecco Group,

Inc.  In the Complaint, she states staff at Electro Prime Rossford, LLC caused her to feel badly

when she requested leave for medical appointments in the early stages of her pregnancy.  (Doc. No.

1 at 1).  She claims this is sexual harassment and seeks $250,000.00 in damages.

Plaintiff's Complaint is very brief.  In its entirety, it states:

> I, Jasmine Lee Lewis, [individual] affirm I Am of lawful age.  After
> bring notified that a complaint was filed with the listed agencies
> Electro Prime Rossford, LLC Staff/management began to harass me
> in regards to having filed the complaint.  On more than one occasion
> Electro Prime Rossford, LLC Staff/management gave me a hard
> time in regards to taking days off, in which was due to the fact that
> during that time I was pregnant.  If you are pregnant and you are
> working, two federal laws protect your rights at work.  The first law is
> the Pregnancy Discrimination Act of 1978 (PDA, 42 U.S.C. 2000e(k)

> which is an amendment to Title VII of the Civil Rights Act of 1964.
> Under the PDA, your employer cannot discriminate against you in
> the terms of employment on the basis of your pregnancy.  The
> second law is the Family and Medical Leave Act (FMLA).  Under the
> FMLA, if you work for a business that employs at least 50 people,
> you are allowed to take up to 12 weeks of unpaid leave for certain
> family and medical reasons.  State laws also protect you.  I requested
> days off for Doctors appointments required during the beginning
> stages of pregnancy.  Statements were made that were degrading and
> designed to make me fill[sic] as if their lack of being responsible for
> protecting my civil/human rights was my fault and quoted their
> policies as if Electro Prime Rossford, LLC policies superseded law
> [Local, Federal, and International].

(Doc. No. 1).  As the basis of federal jurisdiction, she lists "42 U.S.C. § 2000e – Title

VII – Discrimination."

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

(per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in*

*forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler*

*v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal

theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of

action fails to state a claim upon which relief may be granted when it lacks "plausibility in the

complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption

that all the allegations in the complaint are true.  *Twombley*, 550 U.S. at 555.  The Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff's father signed the Complaint and Plaintiff indicates she gives her father full consent to speak for her and advise her.  In general, a party may plead and conduct his or her case in person or through a licensed attorney.  *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1]  An adult litigant who wishes to proceed *pro se* must personally sign the Complaint and must represent himself in Court.  *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988).  Parents who are not licensed attorneys cannot represent their adult children.  Even a minor child must appear through counsel and cannot be represented by a non-attorney parent.  *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257 (W.D. Mich. 1990).  Plaintiff's father does not provide any indication that he is an attorney licensed to practice in the Northern District of Ohio.  He is therefore unable to represent the Plaintiff in court and cannot submit any documents on her behalf.

As it is written, Plaintiff fails to state a claim upon which relief may be granted.  Her Complaint contains very few factual allegations.  She attaches exhibits that pertain to an EEOC

---

[1]    28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

charge she filed against Electro Prime Rossford in 2011 claiming a co-worker made unwanted sexual advances toward her.  It appears from the documents that this charge was favorably settled and is not related to the issue presented in the pleading.  At best, it appears Plaintiff may be attempting to assert a claim of retaliation under Title VII; however, she does not plead sufficient facts to state a plausible claim for relief.

The Court is aware that, at this stage, Plaintiff is not required to plead her discrimination claims with heightened specificity.  *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002).  Nevertheless, after *Swierkiewicz*, the Supreme Court clarified that a Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal,* 550 U.S. at 678.  She cannot rely solely on legal conclusions to state a claim.  *Iqbal,* 550 U.S. at 678.  Rather, she must provide enough facts to allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Id.* at 556.  This standard requires the Plaintiff to demonstrate more than a sheer possibility that the Defendant acted unlawfully.  *Id.*  Where a Complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557.

Plaintiff's Complaint never rises above the speculative level.  Title VII makes it unlawful for an employer "to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a). A retaliation claim can be established either through direct evidence of retaliation or circumstantial evidence that would support an inference of retaliation. *Spengler v. Worthington Cylinders*, 615 F.3d 481, 491 (6th Cir. 2010).  To establish a prima facie case of retaliation, Plaintiff must allege: (1) she engaged in activity protected under Title VII; (2) her exercise of her protected rights was known to the defendant; (3) an adverse employment action was subsequently taken against her or she was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal

connection between the protected activity and the adverse employment action or harassment. *Fuhr v. Hazel Park School Dist.*, 710 F.3d 668, 674 -76 (6th Cir. 2013).

As an initial matter, Plaintiff does not allege any facts to suggest Adecco committed any of the actions of which she complains.  She does not provide any explanation of the relationship between Adecco and Electro Prime Rossford, who appears to be her employer but is not named as a Defendant.   Adecco is a temporary staffing agency.  It is possible that Adecco referred her to Electro Prime Rossford in February 2011, the date she indicates she began working for Electro Prime Rossford.  This referral took place three years ago, and it is unclear whether Plaintiff is still a temporary employee referred by Adecco to Electro Prime Rossford, or whether she was hired by that company.  In either event, Plaintiff does not include a single allegation suggesting she was sexually harassed by anyone at Adecco.  Her allegations are leveled against unidentified employees of Electro Prime Rossford.  Adecco cannot be held liable for the actions of the employees at another company if there are no allegations suggesting Adecco actively participated in the discrimination in some way.  *See Pate v. MetoKote Corp.,*  No. 3:11–cv–209, 2012 WL 5493865, at *8 (S.D. Ohio Nov. 13, 2012); *Aaron v. Adecco USA, Inc.,* No. 3:07 CV 1038, 2007 WL 1795946, at *2 (N.D. Ohio June 20, 2007).

Furthermore, even if Plaintiff had suggested Adecco was responsible for the actions of Electro Prime Rossford's employees, she has not alleged facts to suggest an adverse employment action was taken against her or that she was subjected to severe or pervasive retaliatory harassment by a supervisor.  She states she requested days off of work to attend medical appointments relevant to her pregnancy and "statements were made that were degrading and designed to make me fill [sic] as if their lack of being responsible for protecting my civil/human rights was my fault... ."  (Doc. No. 1 at 1).  She does not provide any additional information.  I am left to speculate on all of the relevant facts essential to state a viable claim including who made the comments to her, what comments were made, how often were they made, and whether plaintiff was denied leave.  While

5

her statement does not rule out the possibility that she might have a claim against Electro Prime

Rossford, it falls far short of the meeting the basic pleading requirements of Federal Civil Procedure

Rule 8.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleading to determine its legal viability,

I conclude Plaintiff failed to state a claim upon which relief may be granted.

Therefore, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is

dismissed pursuant to 28 U.S.C. § 1915(e).  Further, an appeal of this decision cannot be taken in

good faith.   This case is closed.

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge